UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERIC JEAN BAPTISTE,

                                           Plaintiff,

-against-

CITY OF NEW YORK, and POLICE OFFICERS JOHN DOE # 1 through JOHN DOE # 9, all of the NEW YORK CITY POLICE DEPARTMENT,

                                           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

24-CV-798 (PK)

**JURY TRIAL DEMANDED**

Defendant the City of New York (hereinafter "Defendant"), by its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, as and for its answer to Plaintiff's Complaint dated February 2, 2024 (hereinafter, "Complaint"), respectfully alleges, upon information and belief, as follows:

1. Denies the allegation set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint as they pertain to unidentified defendants.

3. States that the allegations set forth in paragraph "3" of the Complaint are not averments of fact to which a response is required.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

1

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

9. Denies the allegations set forth in paragraph "9" of the Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint as they pertain to unidentified defendants.

11. States that the allegations set forth in paragraph "11" of the Complaint are legal conclusions to which no response is required, to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint as they pertain to unidentified defendants.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint as they pertain to unidentified defendants.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint as they pertain to unidentified defendants.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff was ordered to stop and did flee on foot from NYPD officers.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that did attempt to flee on foot from NYPD officers.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint as they pertain to unidentified defendants.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint as they pertain to unidentified defendants.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint as they pertain to unidentified defendants, except admits that plaintiff did resist arrest and was handcuffed on December 22, 2021.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff did resist arrest and was handcuffed on December 22, 2021.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that plaintiff did resist arrest and was handcuffed on December 22, 2021.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24." of the Complaint as they pertain to unidentified defendants, except admits that marijuana was recovered from plaintiff.

25. Denies the allegations set forth in paragraph "25" of the Complaint except admits that plaintiff did resist arrest and was handcuffed on December 22, 2021.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that plaintiff was arrested on December 22, 2021.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admits that plaintiff was arrested on December 22, 2021.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. States that the allegations set forth in the unnumbered paragraph titled "WHEREFORE" of the Complaint and its subparts are not averments of fact that require a response.

44. In response to the allegations set forth in paragraph "43." of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "44" of the Complaint.

46. Denies the allegations set forth in paragraph "45" of the Complaint.

47. Denies the allegations set forth in paragraph "46." of the Complaint.

48. Denies the allegations set forth in paragraph "47" of the Complaint.

49. Denies the allegations set forth in paragraph "48" of the Complaint.

50. Denies the allegations set forth in paragraph "49" of the Complaint.

51. Denies the allegations set forth in paragraph "50" of the Complaint.

52. States that the allegations set forth in the unnumbered paragraph titled "WHEREFORE" of the Complaint and its subparts are not averments of fact that require a response.

53. In response to the allegations set forth in paragraph "51" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "52" of the Complaint, except admits that plaintiff was arrested on December 22, 2021.

55. Denies the allegations set forth in paragraph "53" of the Complaint.

56. Denies the allegations set forth in paragraph "54" of the Complaint.

57. States that the allegations set forth in the unnumbered paragraph titled "WHEREFORE" of the Complaint and its subparts are not averments of fact that require a response.

58. In response to the allegations set forth in paragraph "55." of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

59. Denies the allegations set forth in paragraph "56" of the Complaint, except admits that plaintiff was arrested on December 22, 2021.

60. Denies the allegations set forth in paragraph "57" of the Complaint.

61. Denies the allegations set forth in paragraph "58" of the Complaint.

62. States that the allegations set forth in the unnumbered paragraph titled "WHEREFORE" of the Complaint and its subparts are not averments of fact that require a response.

63. States that the allegations set forth in the unnumbered paragraph titled "Jury Demand" of the Complaint are not averments of fact that require a response.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

65. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

66. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

68. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

69. To the extent plaintiff alleges claims under state law, such claims may be barred, in whole or in part, because plaintiff may have failed to comply with the provisions of New York General Municipal Law §§ 50(e) (h) and (i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

70. Plaintiff failed to mitigate his alleged damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

71. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

72. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the Complaint, defendant the City of New York and its employees and officials acted reasonably, and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, Defendant City of New York is entitled to governmental immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

74. Punitive damages are not recoverable against the City of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

75. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 11, 2024

                        MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the City of New York
*Attorney for Defendant City*
100 Church Street
New York, New York 10007
(212) 356-2384

Respectfully submitted,

/s/ *[signature]*

Mamoon Saleemi
Assistant Corporation Counsel
Special Federal Litigation Division

Cc:   **VIA ECF**
      Jonathan Anthony Fink
      *Attorney for Plaintiff*
      Fink & Katz, PLLC
      299 Broadway, Suite 1803
      New York, NY 10007
      212-385-1373
      Fax: 212-689-1710
      Email: jfink@finkkatz.com