UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ERIC JEAN BAPTISTE,

                                              Plaintiff,    **PROPOSED CONFIDENTIALITY ORDER**

                -against-

CITY OF NEW YORK, et al.,                 24-CV-798 (PK)

                                     Defendants.

------------------------------------------------------------------------x

      It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

    __ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

    _√_ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    _√_ Disciplinary-related records, including records of investigations regarding the conduct of Members of the Service of the New York City Police Department ("NYPD") conducted by the NYPD, the Civilian Complaint Review Board, or other agencies. The documents and information as defined in this paragraph shall not be deemed "confidential" to the extent, and only to the extent, that they are obtained by Plaintiff pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

    _√_ Medical and Legal Records, including medical files and reports.

    _√_ Non-public criminal history.

    _√_ Any and all body worn camera footage and audio recordings and/or other electronically stored material depicting non-parties or interiors of NYPD facilities.

    _√_ Other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaint in action, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. Any material in dispute shall remain confidential until the parties resolve the conflict or the Court issues its ruling.

(h) Any documents produced by a non-party pursuant to a subpoena in this Matter and that are designated as Confidential Materials consistent with paragraph (a) by a party shall be governed by the terms of this Confidentiality Order.

(i) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(j) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(k) Nothing in this Confidentiality Order shall be construed to limit the producing party's use of its own confidential materials in any manner.

(l) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(m) The terms of this Confidentiality Order shall be binding upon all current and future parties to this Action and their counsel.

(n) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: August 27, 2024

/s/
Counsel for Plaintiff

Dated: August 27, 2024

/s/
Counsel for Defendants

Dated:

**SO ORDERED:**

Dated: Brooklyn, New York
_____, 2024

_____
PEGGY KUO
United States Magistrate Judge

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: Eric Jean Baptiste v. City of New York, et al., 24-CV-798 (PK) have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____   DATED: _____
[Signature]

Print Name: _____

Occupation: _____

Signed in the presence of:

_____
(Attorney)