UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
ERIC JEAN BAPTISTE

                      Plaintiff                    AMENDED

    -against-                             COMPLAINT
                                                    AND JURY DEMAND

                                                     24-CV-798 (ERK)(PK)

THE CITY OF NEW YORK, JOHN DOE #1
Through JOHN DOE #4, and POLICE
OFFICERS MICHAEL
PANETTA, HARRY CRUZ, DEAN PEREZ,
TIMOTHY COMMANDER AND JEFFREY
MEAGHER all of the
NEW YORK CITY POLICE DEPARTMENT

                             Defendant(s),
_____x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER JOHN DOE #1 ("JOHN DOE #1") through POLICE OFFICER JOHN DOE # 4 ("JOHN DOE # 4"), POLICE OFFICERS MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ TIMOTHY COMMANDER and JEFFREY MEAGHER, formerly named JOHN DOE #5 through JOHN DOE #9, of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment, assault and battery and use of excessive force against ERIC JEAN BAPTISTE ("Plaintiff").

2. On or about December 22, 2021, MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ, TIMOTHY COMMANDER and JEFFREY MEAGHER, formerly named as JOHN DOE #5 through JOHN DOE #9, all members of the

NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention assault and battery and use of excessive force, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Kings County.

## PARTIES

7. Plaintiff, at all times relevant hereto, resided in the City and State of New York, County of Kings.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants, MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ, TIMOTHY COMMANDER and JEFFREY MEAGHER, formerly named as JOHN DOE #5 through JOHN DOE # 9, and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and

3

under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about December 22, 2021, at approximately 11:00 a.m., plaintiff exited a cab in which he had been a passenger and walked to the corner of Newkirk Avenue and Bedford Avenue, Brooklyn New York when he was approached by JOHN DOE #1, through JOHN DOE #4, who had been in unmarked police vehicles and were dressed in plain clothes.

15. JOHN DOE # 1 through JOHN DOE # 4, each with a hand on a pistol, commanded plaintiff to come over to them.

16. Plaintiff, not sure why he was being directed to come to JOHN DOE # 1 through JOHN DOE #4 and not sure who they were, ignored their commands and continued walking away from them.

17. As plaintiff crossed Avenue D and Flatbush Avenue, he noticed that he was being followed by JOHN DOE # 1 through JOHN DOE # 4 and tried to get as far away from them as he could.

18. When plaintiff got to Avenue D and 23rd Street, another unmarked police vehicle pulled up to plaintiff, after which MICHAEL PANETTA, HARRY CRUZ and DEAN PEREZ, formerly named JOHN DOE #5 through JOHN DOE # 7

exited the unmarked vehicle, chased after the plaintiff and told plaintiff to stop and go to the ground.

19. JEFFREY MEAGHER, formerly named JOHN DOE # 8, then approached plaintiff, pointed a taser at plaintiff, threatened to tase him, told plaintiff to stop, and get on the ground.

20. HARRY CRUZ also pointed a taser at plaintiff and told him to stop and get on the ground.

21. Adhering to these commands the plaintiff stopped, raised his hands and proceeded to go to the ground.

22. As plaintiff was going down to the ground, DEAN PEREZ forcefully pushed plaintiff to the ground, following which MICHAEL PANETTA, HARRY CRUZ and JEFFREY MEAGHER forcefully placed plaintiff in handcuffs.

23. Plaintiff was complying with the defendants when he was forcefully and unnecessarily pushed to the ground.

24. While plaintiff was on the ground in a prone position with his hands behind his back, HARRY CRUZ repeatedly and and without justification punched plaintiff in the face causing plaintiff to feel excruciating pain to his mouth and to suffer a bloody lip.

25. While plaintiff was on the ground TIMOTHY COMMANDER, formerly named JOHN DOE # 9, approached the other police officers who were apprehending plaintiff and put his foot on plaintiff's back.

5

26. Defendants' actions in placing plaintiff in custody resulted in plaintiff getting injured, including a fracture and ligament damage to his left elbow.

27. While plaintiff was pinned to the ground, one of the defendants put his knee into plaintiff's left arm and another defendant put his knee into plaintiff's right knee, causing plaintiff to feel excruciating pain.

28. Although plaintiff complained that defendants were hurting him and that he believed that his arm was broken, he was told that his arm was not broken, and he was refused medical attention until after he was brought to the 63rd precinct.

29. Defendants recovered a bag of marijuana from plaintiff.

30. Plaintiff was handcuffed and taken to the 63rd precinct.

31. Because plaintiff was in excruciating pain and believed that his arm was seriously injured, he was taken from the 63rd precinct to Kings County Hospital by ambulance.

32. Plaintiff was then brought back to the 63rd precinct where he was then taken to central booking located at Kings County Criminal Court, 120 Schermerhorn Street, Brooklyn, New York 11201.

33. Plaintiff remained in custody for approximately 14 hours before being released without ever seeing a judge.

34. Soon after he was released from central booking, plaintiff, still feeling severe pain in his left arm, went for an MRI which revealed that the defendants had fractured and caused ligament tears to his left elbow.

6

35. As a result of his injury, plaintiff needed medical attention and physical therapy and was required to keep his arm in a sling.

36. To date, plaintiff still has pain in his left elbow that bothers him when he is trying to sleep and which limits his ability to do certain activities such as basketball, weightlifting, and lifting packages.

37. On the date that plaintiff was arrested, he had a job as a package-handler, which he had to stop doing because of the injury to his left elbow.

38. Plaintiff suffered physical pain, including injuries to his left elbow and a cut to his mouth, and cuts to his left hand, in addition to emotional distress, including nightmares, because of his arrest and detention.

39. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and held against his will and was unlawfully deprived of his liberty and property.

40. Defendants charged plaintiff with Resisting Arrest (PL § 205.30), Obstructing Governmental Administration in the Second Degree (PL § 195.05), Resisting Arrest (PL § 240.20 (1)) and Resisting Arrest (PL § 240.20 (3))

41. Plaintiff was never charged with a crime or any offense by the Kings County District Attorney's Office.

42. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

43. Defendants acted maliciously and intentionally.

44. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property as well physical injury that required plaintiff to seek medical attention.

<strong><u>FIRST CLAIM FOR RELIEF</u></strong><br>(FALSE ARREST AND ILLEGAL IMPRISONMENT)

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

46. Defendants MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ, TIMOTHY COMMANDER and JEFFREY MEAGHER subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

47. Defendants have deprived plaintiff of him civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

48. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
(MUNICIPAL LIABILTY)

49. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

50. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

51. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

52. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

53. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

54. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal

and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

55. Defendants subjected plaintiff to false arrest and false imprisonment.

56. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

57. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

58. Defendants MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ, TIMOTHY COMMANDER and JEFFREY MEAGHER arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

59. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

60. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.   Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

11

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

61. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

62. Defendants MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ, TIMOTHY COMMANDER and JEFFREY MEAGHER illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

63. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

64. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.   Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
(EXCESSIVE FORCE)

65.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

66.   Defendants MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ, TIMOTHY COMMANDER and JEFFREY MEAGHER subjected plaintiff to excessive force when DEAN PEREZ pushed him to the ground, HARRY CRUZ repeatedly punched plaintiff in his face and MICHAEL PANETTA, HARRY CRUZ, DEAN PEREZ and JEFFREY MEAGHER forcefully handcuffed plaintiff as they arrested plaintiff.

67.   Defendants' use of physical force against plaintiff was unnecessary, wanton, excessive, and was not applied in good-faith pursuit of Defendants' law-

enforcement duties. As result, of this excessive force, plaintiff received a fracture and ligament tears to his left elbow as well as bloody lip.

68. As a result of Defendants' use of excessive force against Plaintiff, Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

69. As a result of Defendants' excessive force, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands a jury trial.

Dated: September 20, 2024        BROMBERG LAW OFFICE, P.C.
/s/ *Brian L. Bromberg*
  By:   Brian L. Bromberg
        One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, New York 11225
Telephone:(212)-248-7906